UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC,<br>    Plaintiff,<br>v.<br><br>Roland Waterweg d/b/a<br>www.eskimotube.com and www.tjoob.com,<br>and www.eskimotube.com and<br>www.tjoob.com, and John Does 1-100<br>and John Doe Companies 1-100,<br>    Defendants. | Docket No. 11-3043-MWB |

## AFFIDAVIT OF EVAN FRAY-WITZER

Roland Waterweg being duly sworn, does hereby depose and state:

1. My name is Evan Fray-Witzer. Unless otherwise stated, I make this affidavit of my own personal knowledge.

2. Along with Val Gurvits, Jennifer Rinden, and Connie Alt, I represent defendant Roland Waterweg in the present action (appearing pro hac vice).

3. Along with Val Gurvits, Jennifer Rinden, and Connie Alt, I represent a number of other defendants in similar actions pending in this court (also appearing pro hac vice).

4. In conducting research for these cases, I came to learn that a court in Nevada had recently appointed Mr. Eric Thompson as receiver for the Plaintiff's parent corporation, Private Media Group.

5. The court's receivership order specifically stated that the receiver was to take full control of all of Private Media Group's affiliates and subsidiaries, mentioning the Plaintiff Fraserisde IP, LLC by name.

6. I also learned that the receiver had submitted a declaration in connection with the Nevada action in which he claimed that he was being physically excluded from the offices of Private's affiliates and subsidiaries by Private's management, despite having presented certified copies of his appointment.

7. On or about October 14, 2011, I contacted attorney Thomas Kummer of the Las Vegas office Greenberg Traurig. Attorney Kummer serves as counsel to the receiver.

8. After identifying myself, I asked Attorney Kummer if the receiver was aware of the various lawsuits brought by Fraserside IP, LLC and pending in this Court. He informed me that the receiver was *not* aware of these lawsuits and had *not* been provided with any of the pleadings or filings in any of the dozen cases pending in this court.

9. Attorney Kummer asked me who was claiming to represent Fraserside IP, LLC and I informed him that Attorney Chad Belville was counsel for the plaintiff in all of the pending actions. Attorney Kummer stated that he had no idea who Attorney Belville was and that neither he nor the receiver had been in touch with Attorney Belville.

10. Attorney Kummer stated further that the receiver would want to know of the actions and review them so that he could determine if it was in the best interests of the company to pursue the pending litigations.

11. I do not know whether the receiver or Attorney Kummer have subsequently spoken with Attorney Belville or otherwise approved of the continuation of this litigation or the other pending litigations, but I have noticed that neither the receiver nor his counsel are listed on any of the Plaintiff's certificates of service.

Signed under the pains and penalties of perjury this 4th day of November, 2011.

_____
Evan Fray-Witzer

3
Case 3:11-cv-03043-MWB   Document 13-8   Filed 11/04/11   Page 3 of 3