**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| FRASERSIDE IP L.L.C., an Iowa Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>ROLAND WATERWEG, dba www.eskimotube.com and dba www.tjoob.com and JOHN DOES 1-100 and JOHN DOE COMPANIES 1-100,<br><br>Defendants. | No. C11-3043-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT ROLAND WATERWEG'S MOTION TO DISMISS** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
  *A. Rule 12(b)(2) Standards and Personal Jurisdiction* . . . . . . . . . . . . . 7
  *B. Personal Jurisdiction Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . 11
    *1. General jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
    *2. Specific jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . 15
  *C. Limited Jurisdictional Discovery* . . . . . . . . . . . . . . . . . . . . . . . 18

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Advances in technology bestow mixed blessings. The Internet has spawned a vast amount of online activity, both good and bad. Here, defendant is alleged to have used the Internet to willfully violate plaintiff's copyright and trademarks through his websites' offering of adult motion pictures. However, the merits of plaintiff's claims are not presently before me. Rather, I must resolve whether plaintiff has made a *prima facie* showing that defendant, a Dutch citizen who resides in the Phillippines, has sufficient minimum contacts with Iowa to satisfy due process and permit the exercise of personal jurisdiction over him.

## I. INTRODUCTION AND BACKGROUND
### A. Procedural Background

On August 30, 2011, plaintiff Fraserside IP L.L.C. ("Fraserside") filed a complaint against Ronald Waterweg, doing business as www.eskimotube.com and www.tjoob.com, (collectively "Waterweg"), John Does, and John Doe Companies, alleging the following causes of action: copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; contributory copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; vicarious copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; inducing copyright infringement, in violation of 17 U.S.C. §§ 106 and 501 *et seq.*; trademark infringement, in violation of 15 U.S.C. § 1114; contributory trademark infringement, in violation of 15 U.S.C. § 1114; vicarious trademark infringement, in violation of 15 U.S.C. § 1114; false designation of origin, in violation of 15 U.S.C. § 1125(a); and, dilution of trademark, in violation of 15 U.S.C. § 1125(c).

On November 4, 2011, Waterweg filed a Motion to Dismiss (docket no. 13). In his motion, Waterweg contends that he is not subject to personal jurisdiction in Iowa and the

Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2). Alternatively, Waterweg asserts Fraserside is not the registrant or owner of any of the copyrights or trademarks at issue and therefore has no standing to bring this case. Waterweg argues that since Fraserside does not have standing to bring the copyright and trademark claims, there are no claims over which subject matter jurisdiction exists and the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), or Fraserside's lack of standing means that it has failed to state a claim upon which relief may be granted and the Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

On November 21, 2011, Fraserside filed a resistance to Waterweg's motion. Fraserside argues that Waterweg's Internet activities establish a sufficient basis for specific personal jurisdiction. Alternatively, Fraserside contends that the facts support a finding of general jurisdiction over Waterweg. Fraserside further asserts that it has standing to sue because it is the proper assignee of the copyrighted and trademarked products at issue. Waterweg did not file a reply brief, but on December 21, 2011, he withdrew his Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) challenges to the Complaint.

### *B. Factual Background*

On a motion to dismiss, I must assume all facts alleged in the complaint are true, and must liberally construe those allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The following factual background is drawn from the Complaint, documents attached to the Complaint, public records, and affidavits submitted by the parties.[1]

---

[1] I note that I may consider public records, those materials that are embraced by the
(continued…)

Plaintiff Fraserside is a wholly owned subsidiary of Fraserside Holdings, Ltd. ("Fraserside Holdings"). Fraserside was created in October 2010. Fraserside Holdings is a Cyprus-based company. Fraserside Holdings is a producer of adult motion pictures. Its adult films are distributed on a wide range of platforms, including mobile handsets in 45 countries, digital television in 24 countries, broadband internet, a South American cable channel, DVDs, and on demand and subscription based services on the Internet.

---

[1](…continued)
complaint, and documents attached to the complaint. *See Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) ("In addressing a motion to dismiss,'[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'") (quoting *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010)); *Noble Sys. Corp. v. Alorica Cent., L.L.C.,* 543 F.3d 978, 983 (8th Cir. 2008) ("the district court is limited to the materials properly before it on a motion to dismiss, which may include public records and materials embraced by the complaint."); *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999) (noting that a court "generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint,' as well as materials that are "'necessarily embraced by the pleadings.'")(citations omitted). Materials necessarily embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Kushner v. Beverly Enters.,* 317 F.3d 820, 831 (8th Cir. 2003)); *see Jenisio v. Ozark Airlines, Inc., Ret. Plan,* 187 F.3d 970, 972 n.3 (8th Cir. 1999) ("A district court may consider documents on a motion to dismiss where . . . the plaintiffs' claims are based solely on the interpretation of the documents and the parties do not dispute the actual contents of the documents."). I may also consider affidavits in deciding a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2). *See Stevens v. Redwing,* 146 F.3d 538, 543 (8th Cir. 1998) (noting that "'the court may inquire, by affidavits or otherwise, into the facts as they exist.'") (quoting *Land v. Dollar,* 330 U.S. 731, 735 n.4 (1947)); *Block Indus. v. DHJ Indus., Inc.,* 495 F.2d 256, 260 (8th Cir. 1974) ("The 'prima facie showing' must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto.").

Fraserside Holdings, in turn, is a wholly owned subsidiary of Private Media Group, Inc. ("Private Media"), a Nevada Corporation. Fraserside, its parent and sibling companies, collectively, are known commercially as "Private." Private has been producing adult entertainment materials since 1968 in a variety of forms, including print magazines, adult films, and online digital download and streaming.

Fraserside has protected its films through United States copyright registration. Since 1975, Fraserside Holdings has registered its intellectual property in more than 25 countries, including Australia, Brazil, Canada, Chile, Denmark, Europe, France, Germany, India, Italy, Japan, Mexico, Norway, New Zealand, Panama, Philippines, Poland, South Africa, Spain, Sweden, Switzerland, Taiwan, Thailand, United Kingdom, and Venezuela.

Fraserside Holdings has protected its trade names, PRIVATE, PRIVATE GOLD, PIRATE, and THE PRIVATE LIFE OF, through United States trademark and service mark registrations. Fraserside Holdings's PRIVATE trademark and service mark have been in continuous use in commerce since 1968. PRIVATE is United States Trademark Registration No. 1014975. It was registered on July 1, 1975, and renewed on September 6, 2005. Fraserside Holdings's PRIVATE GOLD trademark and service mark have been in continuous use in commerce since 2004. PRIVATE GOLD is United States Trademark Registration No. 3188677, and was registered on December 26, 2006. Fraserside Holdings's PRIVATE trademark and service mark design of two human female figures has been in continuous use in commerce since December 2004. PRIVATE is United States Trademark Registration No. 3389749, and was registered on May 28, 2008. Fraserside Holdings's PIRATE trademark and service mark have been in continuous use in commerce since May 24, 2000. PIRATE is United States Trademark Registration No. 3137445, and

was registered on September 5, 2006. Fraserside Holdings's THE PRIVATE LIFE OF trademark and service mark have been in continuous use in commerce since September 1999. THE PRIVATE LIFE OF is United States Trademark Registration No. 2875138, and was registered on August 17, 2004.

Defendant Ronald Waterweg is a Dutch citizen and a resident of the Phillippines. He runs two websites, [www.EskimoTube.com](www.EskimoTube.com) and [www.Tjoob.com](www.Tjoob.com). Waterweg competes against Fraserside in the distribution and sale of adult audio-visual works through the Internet. Both [www.EskimoTube.com](www.EskimoTube.com) and [www.Tjoob.com](www.Tjoob.com) are operated out of the Phillippines. Waterweg and his websites have no employees in Iowa, no telephone number in Iowa, and no agent for service of process in Iowa. Waterweg has never visited Iowa. Waterweg and his websites do not advertise in Iowa. Waterweg does not maintain any of his websites' servers within Iowa.

The [www.EskimoTube.com](www.EskimoTube.com) website does not provide for membership of any kind. Although [www.Tjoob.com](www.Tjoob.com) does permit its users to register as members, it does not charge for membership, and does not enter into any other contractual or financial arrangement with its users. Both websites contain certain content generated by users of the websites themselves. Both websites generate revenues through advertising and referral agreements with other websites. For example, users of the websites looking to access non-user generated full-length movies can click links to the video pages of websites operated by the Pornstar Network, or Meta Interfaces.

## II. LEGAL ANALYSIS

### A. Rule 12(b)(2) Standards and Personal Jurisdiction

In considering Waterweg's motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), Fraserside's Complaint "must state sufficient facts . . . to support a reasonable inference that [each defendant] may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler,* 518 F.3d 580, 585 (8th Cir. 2008). "'Once jurisdiction ha[s] been controverted or denied, [plaintiffs] ha[ve] the burden of proving such facts.'" *Dever v. Hentzen Coatings, Inc.,* 380 F.3d 1070, 1072 (8th Cir. 2004) (quoting *Block Indus. v. DHJ Indus., Inc.,* 495 F.2d 256, 259 (8th Cir. 1974)); *see Viasystems, Inc. v. EBM-Papst St. George GMBH & Co., K.G.*, 646 F.3d 589, 592 (8th Cir. 2011). Fraserside need not, however, establish jurisdiction by a preponderance of the evidence until an evidentiary hearing is held, or until trial. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1387 (8th Cir. 1991). Where, as here, "'the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.'" *Pangaea, Inc. v. Flying Burrito L.L.C.,* 647 F.3d 741, 745 (8th Cir. 2011)(quoting *Dakota Indus., Inc.,* 946 F.2d at 1387); *Johnson v. Arden*, 614 F.3d 785, 793-94 (8th Cir. 2010)( "'If the District Court does not hold a hearing and instead relies on pleadings and affidavits, then we must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party.'")(quoting *Epps v. Stewart Information. Serv. Corp.,* 327 F.3d 642, 646–47 (8th Cir. 2003)); *Romak USA, Inc. v. Rich,* 384 F.3d 979, 983-84 (8th Cir. 2004)(noting that a court "must view the evidence in the light most favorable to [plaintiffs] and resolve factual conflicts in its favor."). For Fraserside to survive

Waterweg's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, Fraserside "'need only make a prima facie showing of jurisdiction,' and may do so by affidavits, exhibits, or other evidence." *Romak USA, Inc.,* 384 F.3d at 983 (quoting *Epps,* 327 F.3d at 647); *accord K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591 (8th Cir. 2011); *see Viasystems, Inc.*, 646 F.3d at 592; *Pangaea, Inc.,* 647 F.3d at 745.

I "may assume jurisdiction over a foreign defendant only to the extent permitted by the forum state's long-arm statute and by the Due Process Clause of the Constitution." *Dakota Indus., Inc. v. Ever Best Ltd.*, 28 F.3d 910, 915 (8th Cir. 1994); *accord K-V Pharm. Co.*, 648 F.3d at 592 ("Personal jurisdiction in a diversity case exists 'only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause.'")(quoting *Dever,* 380 F.3d at 1073 (internal quotation marks omitted)). Iowa's long-arm statute "expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution."[2] *Hammond v. Florida Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005) (discussing Iowa Rule of Civil Procedure 1.306). "As a result, the Court is left with the sole issue of whether exercising personal jurisdiction over [the] nonresident Defendant is consistent with principles of due process." *Brown v. Kerkhoff*,

---

[2] Iowa's long-arm statute is actually set forth in two places: Iowa Code § 617.3 and Iowa Rule of Civil Procedure 1.306. Section 617.3 provides for the service of "foreign corporations or nonresidents contracting or committing torts in Iowa," Iowa Code § 617.3 (2006), and Rule 1.306 provides for an "[a]lternative method of service" that applies to "every corporation, individual, personal representative, partnership or association," Iowa R. Civ. P. 1.306. Rule 1.306 is the provision that specifically extends Iowa's jurisdictional reach to the federal constitutional limits. *See Hammond*, 695 N.W.2d at 5; *Larsen v. Scholl*, 296 N.W.2d 785, 788 (Iowa 1980) (noting that Iowa Rule of Civil Procedure 56.2 (now Rule 1.306), "unlike Iowa's older 'long-arm' statute, section 617.3, . . . expands Iowa's jurisdictional reach to the widest due process parameters of the federal constitution").

504 F. Supp. 2d 464, 499-500 (S.D. Iowa 2007); *see Bell Paper Box, Inc. v. U.S. Kids, Inc.* (*Bell Paper I*), 22 F.3d 816, 818 (8th Cir. 1994) ("[W]hen a state construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the due process clause . . . the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process.").

"The Due Process Clause requires 'minimum contacts' between the nonresident defendant and the forum state before the court may exercise jurisdiction over the defendant." *Coen v. Coen*, 509 F.3d 900, 905 (8th Cir. 2007) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). The Eighth Circuit Court of Appeals has explained sufficient minimum contacts as follows:

> "Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there, and when maintenance of the suit does not offend traditional notions of fair play and substantial justice." By defendant's reasonable anticipation, we mean "there must be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." We have set "a five-part test for measuring minimum contacts: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties." Factors one through three are primary. With respect to the third factor, we distinguish between specific jurisdiction and general jurisdiction. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state,' while '[g]eneral jurisdiction . . . refers to the power of a state to adjudicate any

9

>cause of action involving a particular defendant, regardless of where the cause of action arose.'"

*Id.* (citations omitted); *see K-V Pharm. Co.*, 648 F.3d at 592; *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 667 F.3d 515, 518 (8th Cir. 2010); *Steinbuch*, 518 F.3d at 585-86; *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir. 2006); *Epps v. Stewart Information. Servis. Corp.*, 327 F.3d 642, 648 (8th Cir. 2003); *Guinness Import Co. v. Mark VII Distributors, Inc.*, 153 F.3d 607, 613 (8th Cir. 1998); *Aylward v. Fleet Bank*, 122 F.3d 616, 618 (8th Cir. 1997); *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996).

The Eighth Circuit Court of Appeals has further instructed that:

>The purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party of a third person. Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State.

*Stanton v. St. Jude Med., Inc.*, 340 F.3d 690, 693-94 (8th Cir. 2003) (citations omitted).

"'Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit.'" *Johnson*, 444 F.3d at 955-56 (quoting *Pecoraro v. Sky Ranch For Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003)). If the court determines that a defendant has the requisite "minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)); *see Luv N. Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) ("It

remains for us to inquire whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice. When a plaintiff makes its *prima facie* case that the defendant has 'minimum contacts' with the forum state, the burden of proof shifts to the defendant to show that the exercise of jurisdiction would be unreasonable." (citation and quotation omitted)). These other factors include:

> "the burden on the defendant," "the forum State's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of the controversies," and the "shared interest of the several States in furthering fundamental substantial social policies."

*Burger King Corp.*, 471 U.S. at 476-77 (quoting *World Wide Volkswagen*, 444 U.S. at 292). "These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id.* at 477. If, however, a defendant "seeks to defeat jurisdiction" when the defendant purposefully "directed his activities at forum residents"—i.e., when minimum contacts are clearly established—the defendant "must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Id.*

### B. Personal Jurisdiction Analysis

Fraserside contends that Waterweg's contacts with Iowa are sufficient to establish either specific jurisdiction or general jurisdiction over Waterweg. I will consider each of these jurisdictional grounds in turn.

#### 1. *General jurisdiction*

"A court obtains general jurisdiction 'against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not

arise out of the defendant's activities directed at the forum.'" *Johnson*, 614 F.3d at 794 (quoting *Dever.,* 380 F.3d at 1073)(quoting in turn *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415–16 (1984)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853–54 (2011); *see Viasystems, Inc.*, 646 F.3d at 592 (quoting *Brown*, 131 S. Ct. at 2853-54). Fraserside contends that Waterweg is subject to general personal jurisdiction based on the websites, www.EskimoTube.com and www.Tjoob.com, owned and run by Waterweg.

In *Lakin v. Prudential Sec., Inc.,* 348 F.3d 704, 710 (8th Cir .2003), the Eighth Circuit Court of Appeals adopted the "sliding scale" approach established by *Zippo Mfg. Co. v. Zippo Dot Com, Inc.,* 952 F. Supp. 1119, 1124 (W.D.Pa.1997), to determine if website contacts provide a basis for *specific* jurisdiction. *Lakin,* 348 F.3d at 710 ("We agree with our sister circuits that the *Zippo* model is an appropriate approach in cases of specific jurisdiction—, *i.e.,* ones in which we need only find 'minimum contacts.'"). The "sliding scale" approach recognizes that "'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that the entity conducts over the Internet.'" *Id.* (quoting *Zippo Mfg. Co.,* 952 F. Supp. at 1124). In *Lakin,* the Eighth Circuit Court observed that:

> "At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in foreign jurisdictions. A passive Web site that does

> little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site."

*Id.* at 710–11 (quoting *Zippo Mfg. Co.,* 952 F. Supp. at 1124).

The Eighth Circuit Court of Appeals concluded that, while the *Zippo* model is an appropriate approach when considering specific jurisdiction, it is insufficient, in and of itself, for determining whether a defendant's contacts are both substantial and continuous for purposes of general jurisdiction. *Id.* at 711; *see CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075 (9th Cir. 2011) (noting that "the interactivity of a non-resident defendant's website typically 'provides limited help in answering the distinct question whether the defendant's forum contacts are sufficiently substantial, continuous, and systematic to justify general jurisdiction.'") (quoting *Mavrix Photo, Inc. v. Brand Tech., Inc.*, 647 F.3d 1218, 1227 (9th Cir. 2011)); *Revell v. Lidov,* 317 F.3d 467, 471 (5th Cir. 2002) (noting that the *Zippo* sliding scale "is not well adapted to the general jurisdiction inquiry, because even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction."). As the Eighth Circuit Court of Appeals noted, "[u]nder the *Zippo* test, it is possible for a [website] to be very interactive, but to have no quantity of contacts." *Lakin,* 348 F.3d at 712. Thus, the court of appeals held that the *Zippo* test was only a starting point in conducting a website-based general jurisdiction analysis. In addition to considering the characteristics of a website under the *Zippo* test, it is also necessary to weigh the quantity of the defendant's contacts via its website. *See id.*

Consequently, in considering whether Waterweg's contacts with Iowa are sufficient to establish general jurisdiction, I must consider, *inter alia*, the nature, quality, and quantity of those contacts. *See id.*(citing *Aftanase v. Economy Baler Co.,* 343 F.2d 187, 197 (8th Cir. 1965)); *see also Pangaea, Inc.,* 647 F.3d at 746 n.4; *Johnson*, 614 F.3d at 794; *Steinbuch,* 518 F.3d at 585.

Waterweg is a Dutch citizen who resides in the Phillippines. Waterweg has no employees in Iowa, no telephone number in Iowa, and no agent for service of process in Iowa. Waterweg has never visited Iowa. Waterweg does not advertise in Iowa. Waterweg does not maintain any of his websites' servers within Iowa. Waterweg's total absence of contacts with the State of Iowa is the antithesis of the type of continuous and systematic contacts necessary for exercising general personal jurisdiction over Waterweg. *See VGM Fin. Servs. v. Singh*, 708 F. Supp. 2d 822, 835 (N.D. Iowa 2010) (finding defendant's contacts with Iowa insufficient to establish general jurisdiction where, among other factors, defendant did not have an office, telephone number, bank account or any employees, representatives, or agents in Iowa).

The [www.EskimoTube.com](www.EskimoTube.com) website does not provide for membership of any kind. On the other hand, [www.Tjoob.com](www.Tjoob.com) does permit its users to register as members, but, it does not charge for membership, and does not enter into any other contractual or financial arrangement with its users. Both websites generate revenues exclusively through advertising and referral agreements with other websites. For example, users of the websites looking to access non-user generated full-length movies can click links to the video pages of websites operated by the Pornstar Network or Meta Interfaces. Fraserside, however, has presented no evidence of any Iowa resident having a membership for [www.Tjoob.com](www.Tjoob.com), or even visiting either website. *See Lakin,* 348 F.3d 704, 712–13

(finding interactive website insufficient to confer general jurisdiction without information about the quantity of defendant's contacts with state residents through the website). Thus, I conclude Fraserside has failed to meet its burden of demonstrating that Iowa courts have general jurisdiction over Waterweg. *See Viasystems, Inc.*, 646 F.3d at 595; *Wells Dairy, Inc.*, 667 F.3d at 518; *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1090 (8th Cir. 2008); *Romak,* 384 F.3d at 983–84.

### 2. *Specific jurisdiction*

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of 'issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Brown*, 131 S. Ct. at 2851 (quoting Arthur T. von Mehren & Donald T. Trautman, *Jurisdiction to Adjudicate: A Suggested Analysis*, 79 HARV. L. REV. 1121, 1136 (1966)). Thus, "[s]pecific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.'" *Johnson*, 614 F.3d at 795 (quoting *Steinbuch*, 518 F.3d at 586). Fraserside asserts that specific jurisdiction over Waterweg exists because Waterweg has directed tortious conduct at it, an Iowa business. Fraserside relies upon the *Calder* effects test formulated by the United States Supreme Court in *Calder v. Jones,* 465 U.S. 783 (1984) and cites the recent decision in *CYBERsitter, L.L.C. v. People's Republic of China*, ---F. Supp. ---, 2011 WL 3322552 (C.D. Cal. Aug. 1, 2011), in which the district court applied the Ninth Circuit Court of Appeals's expansive interpretation of *Calder* to conclude that it had specific jurisdiction over defendant Chinese companies. The *Calder* effects test provides that:

> "a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie

15

showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state]."

*Johnson*, 614 F.3d at 796 (quoting *Lindgren v. GDT,* 312 F. Supp. 2d 1125, 1132 (S.D. Iowa 2004)); *see Viasystems, Inc.*, 646 F.3d at 595 (quoting *Johnson*, 614 F.3d at 796). The *Calder* effects test "allows the assertion of personal jurisdiction over non-resident defendants whose acts 'are performed for the very purpose of having their consequences felt in the forum state.'" *Dakota Indus., Inc. v. Dakota Sportswear, Inc.,* 946 F.2d 1384, 1390–91 (8th Cir. 1991) (quoting *Brainerd v. Governors of Univ. of Alberta,* 873 F.2d 1257, 1260 (9th Cir. 1989)). Moreover, the Eighth Circuit Court of Appeals, unlike the Ninth Circuit Court of Appeals, construes the *Calder* effects test narrowly. *See Johnson*, 614 F.3d at 796-97 ("Additionally, even if the effect of Heineman's alleged statement was felt in Missouri, we have used the *Calder* test merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state. . . We therefore construe the *Calder* effects test narrowly, and hold that, absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction."); *see also Furminator, Inc. v. Wahba*, No. 4:10CV01941, 2011 WL 3847390, at *3 (E.D. Mo. Aug. 29, 2011) (noting that the Eighth Circuit Court of Appeals construes the *Calder* effects test narrowly); *Oticon, Inc. v. Sebotek Hearing Sys., L.L.C.,*, ---F. Supp.---, 2011 WL 3702423, at *15 (D.N.J. Aug. 22, 2011) (noting in *Johnson*, the Eighth Circuit Court of Appeals expressly clarified its position that it construes the *Calder* effects test narrowly); *Express Scripts, Inc. v. Care Continuum Alliance, Inc.*, 2011 WL 219967, at *4 (E.D. Mo. June 7, 2011) (observing that "[t]he Eighth Circuit has narrowly construed the *Calder* effects test. . ."). Although I accept as true Fraserside's allegations that Waterweg

intentionally infringed Waterweg's registered copyrights and trademarks, these allegations, alone, fail to demonstrate that Waterweg "uniquely or expressly aimed" its tortious acts at Iowa. *Johnson,* 614 F.3d at 796. Thus, I conclude that Fraserside has failed to demonstrate that Waterweg's actions were "'performed for the very purpose of having their consequences felt in the forum state.'" *Dakota Indus.,* 946 F.2d at 1390–91 (quoting *Brainerd,* 873 F.2d at 1260).

Even assuming, *arguendo*, Fraserside could demonstrate that Waterweg's actions were aimed at Iowa and that the consequences Waterweg's actions were felt in Iowa, the *Calder* effects test is "merely an additional factor to consider when evaluating a defendant's relevant contacts with the forum state." *Johnson,* 614 F.3d at 796–97. I must also consider the five factors developed by the Eighth Circuit Court of Appeals in determining whether a nonresident defendant has sufficient minimum contacts with the forum state to exercise personal jurisdiction over him. As discussed above, I must consider: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing its residents a forum; and (5) the convenience of the parties. *See K-V Pharm. Co.*, 648 F.3d at 592; *Wells Dairy, Inc.*, 667 F.3d at 518 *Steinbuch*, 518 F.3d at 585-86; *Johnson*, 444 F.3d at 956. Of these factors, "the first three factors are of primary importance, and the last two are 'secondary factors.'" *Id.* After considering these five factors, I conclude that Fraserside has not demonstrated that Waterweg has sufficient minimum contacts with Iowa to justify exercising personal jurisdiction over him. As discussed above, Waterweg has a total absence of contacts with the State of Iowa. Thus, the nature and quality of Waterweg's contacts with Iowa; the quantity of contacts with Iowa; and the relation of the cause of

action to Waterweg's contacts all decidedly weigh against exercising personal jurisdiction over him. While Iowa has an interest in providing a local forum in which its resident corporations may litigate claims against non-residents, Iowa's "interest in providing its residents with a forum cannot make up for the absence of minimum contacts." *Digi–Tel Holdings, Inc., v. Proteq Telecomms.(PTE), Ltd.*, 89 F.3d 519, 525 (8th Cir. 1996). Additionally, the convenience of the parties is, at best, a neutral factor as Fraserside's counsel is Arizona-based. Thus, both parties will be required to travel to litigate this case regardless of my ruling on Waterweg's motion.

Thus, after considering all five relevant factors, I conclude that the exercise of general or specific personal jurisdiction over Waterweg is inappropriate under the Iowa long-arm statute and fails to comport with due process. Thus, viewing the circumstances of this case as a whole, Fraserside has failed to make a *prima facie* case of personal jurisdiction over Waterweg.

### C. *Limited Jurisdictional Discovery*

Fraserside alternatively contends that, even if it did not make a *prima facie* showing of personal jurisdiction, I should delay ruling on Waterweg's motion and permit Fraserside limited jurisdictional discovery. The Federal Rules of Civil Procedure provide for liberal discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes."). Courts "have broad discretion in [their] resolution of discovery problems that arise in cases pending before [them]." *In re Multi–Piece Rim Prods. Liab. Litig.,* 653 F.2d 671, 679 (D.C. Cir. 1981). When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in

denying jurisdictional discovery. *See Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011) (noting that "'[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.'") (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004) (quoting in turn *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003)); *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 716 n.3 (4th Cir. 2002) (affirming district court's refusal to allow plaintiff to engage in jurisdictional discovery where plaintiff's request was based on "conclusory assertions")*; McLaughlin v. McPhail,* 707 F.2d 800, 806 (4th Cir. 1983) (holding that district court did not abuse its discretion in denying jurisdictional discovery where plaintiff "offered nothing beyond his bare allegations that the defendants had had significant contacts with the [forum] state of Maryland" (internal quotation marks omitted));; *see also Rich v. KIS Cal., Inc.,* 121 F.R.D. 254, 259 (M.D.N.C.1988) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition.").

Here, Fraserside has offered nothing but conclusory assertions about Waterweg's contacts with Iowa. Fraserside has failed to proffer facts that, if proven, would affect my exercise of jurisdiction over Waterweg. Thus, its request for jurisdictional discovery is denied. *See Viasystems, Inc.*, 646 F.3d at 598.

19

### *III. CONCLUSION*

For the reasons previously discussed, Waterweg does not have sufficient "minimum contacts" with Iowa such that the maintenance of this lawsuit would offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.,* 326 U.S. at 316, 66 S. Ct. 154. I, therefore, grant Waterweg's Motion to Dismiss and deny Fraserside's request for jurisdictional discovery. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

**DATED** this 24th day of February, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA